1   SONIA MARTIN (State Bar No. 191148)
    SONNENSCHEIN NATH & ROSENTHAL LLP
2   525 Market Street, 26th Floor
    San Francisco, California 94105
3   Telephone: (415) 882-5000
    Facsimile: (415) 882-0300
4
    Attorneys for Defendants
5   ALLSTATE INDEMNITY COMPANY,
    ALLSTATE INSURANCE COMPANY, and
6   ALLSTATE PROPERTY AND CASUALTY
    INSURANCE COMPANY
7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                     OAKLAND DIVISION

11  ROBERT WATTS, on behalf of himself        No. CV 081236
    individually and all other similarly situated,
12                                            [PROPOSED] ORDER GRANTING
                                              MOTION TO DISMISS OR,
13              Plaintiffs,                   ALTERNATIVELY, TO STAY PENDING
                                              APPRAISAL
14       vs.
                                              Date:     June 24, 2008
15  ALLSTATE INDEMNITY COMPANY, an            Time:     1:00 p.m.
    Illinois corporation, ALLSTATE            Ctrm:     Courtroom 3
16  INSURANCE COMPANY, an Illinois            Judge:    Hon. Saundra Brown Armstrong
    corporation, ALLSTATE PROPERTY AND
17  CASUALTY INSURANCE COMPANY, an
    Illinois corporation; and DOES 1 through 100,
18  inclusive

19              Defendants.

20

21          Defendants Allstate Insurance Company, Allstate Indemnity Company and Allstate

22  Property Casualty Insurance Company have moved the Court for an order granting their motion

23  to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the

24  alternative, move for an order dismissing or staying this action because Allstate has invoked the

25  appraisal provision in plaintiff's insurance policy. Having considered the notice of the motion,

26  all the papers filed in support of and in opposition to the motion, and the argument of counsel,

27  the Court hereby GRANTS the motion.

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

1

## BACKGROUND

2      In this putative class action, plaintiff asserts claims for breach of contract, bad faith, fraud,

3  unfair competition and RICO violations arising from the handling of his claim under an

4  automobile insurance policy issued by Allstate Indemnity Company ("Allstate").  All of

5  plaintiff's claims are premised on the allegation that Allstate "[refrained] from underwriting the

6  inspection and replacement of seat belts in post-collision Allstate-insured vehicles." (Compl., ¶

7  10.)  Plaintiff seeks to represent a putative class of policyholders "who [were] involved in a

8  collision in which automatic seat belt tensioners activated, after which Allstate failed to

9  underwrite the inspection and/or replacement of the seat belts in the vehicle." (*Id.*, ¶ 47.)

10     Plaintiff is a named insured under an automobile policy issued by Allstate Indemnity

11  Company. (*See* Compl., ¶ 37.)  He is a resident of California (*id.*, ¶ 9), and his policy is subject

12  to California law. (*See* Allstate Auto Insurance Policy attached as Exhibit A to Defendants'

13  Motion to Dismiss ("Policy") at Policy Endorsement, p. 1.)  On March 29, 2006, plaintiff's

14  Allstate-insured vehicle was involved in a collision, and was repaired by an auto body repair

15  shop the following month. (Compl., ¶¶ 40, 44.)  Plaintiff contends Allstate breached the policy

16  by failing to inspect or repair the vehicle's seatbelts after the accident. (*Id.*, ¶ 46.)

17     Part VII of plaintiff' policy addresses "Protection Against Loss to the Auto" and contains

18  Coverage DD Auto Collision Insurance. (*See* Policy at 18.)  Specifically, the Auto Collision

19  coverage provides that "Allstate will pay for direct and accidental loss to your insured auto . . .

20  from a collision with another object or by upset of that auto . . . ." (*Id.*)  Part VII also includes a

21  "Payment of Loss By Allstate" provision, which provides that Allstate "may pay for the loss in

22  money, or may repair or replace the damaged or stolen property" (*id.* at 21), as well as a "Limits

23  of Liability" provision that expressly limits Allstate's liability to the lower of "the actual cash

24  value" or "the cost to repair or replace" the damaged property less the applicable deductible (*id.* at

25  Policy Endorsement, p. 11).

26     Further, plaintiff's policy contains a "Right to Appraisal" provision, which specifies the

27  contractual procedures for resolving a disagreement over the amount of a loss resulting from a

28  collision:

CASE NO.  C 08-1236                                                    (PROPOSED) ORDER

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

RIGHT TO APPRAISAL

Both you and Allstate have a right to demand an right to demand an appraisal of the loss. Each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will chose an umpire. Each appraiser will state the actual cash value and the amount of loss. If they disagree, they'll submit their differences to the umpire. A written decision by any two of these three persons will determine the amount of the loss.

*Id.* at 21. Plaintiff's policy is conditioned on his compliance with the policy provisions, including the appraisal provision. (*See Id.* at 2 ("If you . . . comply with the policy terms, Allstate, relying on the information you have given us, makes the following agreements with you."); *see also Id.* at 22 ("No one may sue [Allstate] under this coverage unless there is full compliance with all the policy terms.").)[1]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint or a claim for relief therein for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper where there is either a lack of a "cognizable legal theory" or the "absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

In evaluating a motion to dismiss, all material allegations in the complaint are accepted as true. *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). Conclusory allegations or legal characterizations cast in the form of factual allegations, however, may be disregarded.

---

[1] Even if the Court were not to dismiss this action as a matter of law because plaintiff fails to identify any policy term that was breached, then the Court would find this suit constitutes a dispute over the amount of the loss. Under those circumstances, the Allstate policy contains an appraisal provision to resolve the amount of the loss, and Allstate has invoked the provision. As completion of appraisal is a condition precedent to suit on the policy when it has been invoked by either party, *see* Policy at 21-2, then this suit is subject to dismissal as premature.

CASE NO. C 08-1236                                                    (PROPOSED) ORDER

1    *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

2                    **ANALYSIS**

3       Plaintiff cannot state any claim based on an alleged failure to inspect seatbelts where (as

4  here) the policy imposed no such obligation on Allstate, and where plaintiff alleges no actual

5  physical damage to his vehicle that Allstate refused to repair. *See, e.g., Levy v. State Farm*

6  *Mutual Automobile Ins. Co.*, 150 Cal. App. 4th 1, 8 (2007); *Sonnier v. State Farm Mut. Auto Ins.*

7  *Co.*, 509 F.3d 673 (5th Cir. 2007); *Hall v. State Farm Mut. Automobile Ins. Co.*, 215 F. App'x.

8  423 (6th Cir. 2007). Courts cannot impose obligations on insurers to meet "industry standards"

9  that are not expressed in the insurance contract between the insurer and insured. *Levy*, 150 Cal.

10  App. 4th at 8.

11       Here, the Complaint fails to identify any policy provision that Allstate purportedly breached.

12  As in *Levy, Sonnier* and *Hall,* plaintiff's generalized claim that Allstate failed to follow "industry

13  standards" is insufficient to establish a compensable loss. Plaintiff's policy does not require

14  Allstate to conduct and pay for a search of all conceivable hypothetical damage to a vehicle, nor

15  does it require Allstate to pay to repair or replace damage or loss that has not been shown to exist.

16  As a result, the Complaint fails to plead a viable claim for breach of contract.

17       Moreover, because each of plaintiff's claims and requests for relief is premised on the

18  allegation that Allstate failed to comply with the terms of its policy, none of the allegations can be

19  sustained as a matter of law. Absent a viable claim for breach of contract, plaintiff cannot sue for

20  "bad faith" or breach of the implied covenant of good faith and fair dealing. *Waller v. Truck Ins.*

21  *Exch.*, 11 Cal. 4th 1, 36 (1995). In addition, plaintiff has failed to allege the essential elements of

22  fraud, including a misrepresentation, falsity and resulting damages. *See In re GlenFed, Inc.*

23  *Securities Litigation*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). Finally, plaintiff has failed to allege

24  "unlawful," "unfair" or "fraudulent" conduct in violation of Business and Professions Code

25  section 17200.

26       Further, plaintiff failed to plead a cause of action against Allstate Insurance Company and

27  Allstate Property and Casualty Insurance Company because plaintiff had no contractual

28  relationship with these companies. Neither Allstate Insurance Company nor Allstate Property

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

-4-

CASE NO. C 08-1236                            (PROPOSED) ORDER

1    Casualty Insurance Company was a party to plaintiff's insurance policy and there are no

2    allegations in the Complaint specifically directed toward Allstate Insurance Company or Allstate

3    Property and Casualty Insurance Company.  Therefore, Allstate Insurance Company and Allstate

4    Property and Casualty Insurance Company must be dismissed from this suit.

5                                            CONCLUSION

6        For the reasons set forth above, Allstate Indemnity Company, Allstate Insurance Company

7    and Allstate Property Casualty Insurance Company's motion to dismiss plaintiff's Complaint

8    pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

9        IT IS SO ORDERED.

10

11

12    Date: _____    By: _____

13                                                    Saundra Brown Armstrong
                                                      United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 882-5000

CASE NO.  C 08-1236                                                (PROPOSED) ORDER