MARK HANOVER (*pro hac vice*)
SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300

Attorneys for Defendants
ALLSTATE INDEMNITY COMPANY,
ALLSTATE INSURANCE COMPANY and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT WATTS, on behalf of himself individually and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, an Illinois corporation, ALLSTATE INSURANCE COMPANY, an Illinois corporation, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 100, inclusive<br><br>Defendants. | No. CV 081236<br><br>REPLY IN SUPPORT OF DEFENDANTS ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, AND ALLSTATE PROPERTY AND CASUALTY INSURANCE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY PENDING APPRAISAL<br><br>Date:    June 24, 2008<br>Time:    1:00 p.m.<br>Place:   Courtroom 3<br>Before:  Hon. Saundra Brown Armstrong |

CASE NO. C 08-1236

REPLY RE ALLSTATE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT.......................................................................................................................... 2

I.  Plaintiff Cannot State Any Claim For Relief Against Allstate Because It Fully Complied With Its Obligations Under The Policy. ................................................... 2

    A.  As a Matter Of Law, Allstate Owes No Duty To "Inspect" Seatbelts.................. 2

    B.  Any Dispute Over The Amount Allstate Owes To Repair Plaintiff's Vehicle Must Be Submitted To Appraisal. ......................................................... 3

        1.  The Court May Consider Allstate's Appraisal Demand. ........................... 3

        2.  The Appraisal Provision Is Mandatory. ...................................................... 4

        3.  Allstate Did Not Waive Its Right To Appraisal......................................... 5

        4.  Appraisal Will Determine The Amount Of The Loss, Not Coverage Issues.................................................... 6

        5.  The Possibility That Plaintiff Has Replaced His Seatbelts Does Not Extinguish Allstate's Right To Appraisal................................ 6

II.  Plaintiff's "Bad Faith" Claims Must Be Dismissed Because The Complaint Fails To Allege An Unreasonable Breach of Contract. ..................................................... 7

III.  Plaintiff Has Failed To Properly Allege The Elements Of Fraud. ................................ 7

IV.  Plaintiff Has Failed To State A Claim Under Section 17200. ......................................... 9

V.  Plaintiff Has Failed To Allege The Elements Of A RICO Violation. ........................... 10

VI.  Allstate Insurance Company And Allstate Property And Casualty Insurance Company Are Not Proper Defendants. ............................................................................ 11

VII.  Leave To Amend Should Be Denied. ............................................................................. 12

CONCLUSION...................................................................................................................... 12

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Allwaste, Inc. v. Hecht*, 65 F.3d 1523 (9th Cir. 1995) ..................................................................10

*Bologna v. Allstate Ins. Co.,* 138 F.Supp.2d 310 (E.D.N.Y. 2001) ..................................................9

*Hall v. State Farm Mut. Auto. Ins. Co.*
   215 F. App'x. 423, 2007 WL 215662 (6th Cir. 2007)............................................................1, 2

*Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) ...............................7

*Icasiano v. Allstate Ins. Co.,* 103 F.Supp.2d 1187 (N.D. Cal. 2000)................................................8

*In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541 (9th Cir. 1994)................................7, 8, 9

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005)..............................................................................3

*Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082 (N.D. Cal. 2006) ..........................................11

*Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2002) .................................................................................11

*Sadler v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2778257 (W.D. Wash 2007) ..........................9

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992)..........................................................11

*Smith v. Allstate Insurance Co.*, 160 F. Supp. 2d 1150 (S.D. Cal. 2001)....................................8, 9

*Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673 (5th Cir. 2007)....................................1, 2

**STATE CASES**

*Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226 (1995) .........................................................9

*Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255 (2006)...............................................10

*Berman v. Health Net*, 80 Cal. App. 4th 1359 (2000) .....................................................................5

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163
   (1999).....................................................................................................................................10

*Community Assisting Recovery, Inc. v. Aegis Security Ins. Co.,* 92 Cal. App. 4th 886 (2001).......4

*Conrad v. Ball*, 24 Cal. App. 4th 439 (1994) ................................................................................10

*Cynthia D. v. Super. Ct. (San Diego)*, 5 Cal. 4th 242 (1993) ........................................................10

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-ii-

CASE NO. C 08-1236               REPLY RE ALLSTATE'S MOTION TO
                                 DISMISS OR, ALTERNATIVELY, TO STAY

1  *Engineers and Architects Ass'n v. Community Dev. Dep't of Los Angeles*, 30 Cal. App. 4th
2      644 (1994) .................................................................................................................... 4

3  *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street*, 35 Cal. 3d 312
       (1983) ............................................................................................................................ 4

*Gold v. Gibbons*, 178 Cal. App. 2d 517 (1960) ..................................................................... 11

*Keating v. Superior Court*, 31 Cal. 3d 584 (1982), *overruled on other grounds by Southland
    Corp. v. Keating*, 465 U.S. 1 (1984) ............................................................................... 5

*Levy v. State Farm Mutual Auto. Ins. Co.*, 150 Cal. App. 4th 1 (2007) ............................ 1, 3, 10

*Love v. Fire Exchange*, 221 Cal. App. 3d 1136 (1990) ............................................................. 7

*Nagy v. Nagy*, 210 Cal. App. 3d 1262 (1989) ........................................................................... 9

*People v. McDaniels*, 21 Cal. App. 4th 1560 (1994) ............................................................... 10

*Rodio v. Smith*, 123 N.J. 345, 587 A.2d 621 (1991) ................................................................. 9

*Seretti v. Superior Nat. Ins. Co.*, 71 Cal. App. 4th 920 (1999) ................................................. 7

*Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202 (2002) .......................................... 11, 12

*Unetco Indus. Exch. v. Homestead Ins. Co.*, 57 Cal. App. 4th 1459 (1997) ............................ 4

*Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1 (1995) ...................................................................... 5

*Williams v. Wraxall,* 33 Cal. App. 4th 120 (1995) .................................................................... 9

**FEDERAL STATUTES AND RULES**

18 U.S.C. § 1961 ....................................................................................................................... 11

18 U.S.C. § 1962(c) ................................................................................................................... 11

Federal Rule of Civil Procedures 11 ......................................................................................... 11

Federal Rule of Civil Procedures 9(b) ........................................................................................ 8

**STATE STATUTES**

California Business & Professions Code § 17200 ................................................................ 9, 10

# INTRODUCTION

Plaintiff's opposition confirms he is asking this Court to judicially impose an obligation on insurers to "inspect" vehicles for seatbelt damage whenever they have been involved in certain types of collisions. No such obligation currently exists, and there is no reason this Court should invent one.

Allstate's policy imposes no duty to inspect seatbelts. Neither do California's statutes, regulations or case law. Indeed, all three courts to have addressed this very issue have rejected plaintiff's position. *See Levy v. State Farm Mutual Auto. Ins. Co.*, 150 Cal. App. 4th 1 (2007); *Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673 (5th Cir. 2007); *Hall v. State Farm Mut. Auto. Ins. Co.*, 215 F. App'x. 423, 2007 WL 215662 (6th Cir. 2007). Unable to overcome these holdings, plaintiff simply ignores them. He also fails to cite a single case, statute or regulation requiring Allstate to inspect seatbelts. None exist. As a result, this Court should decline plaintiff's invitation to create a novel legal duty from whole cloth.

In a transparent effort to cloud the issues, plaintiff's complaint purports to also raise a false question: whether Allstate owes a duty to pay to "repair or replace" damaged seatbelts. Of course, it does. Allstate has never disputed that it owes the cost of returning damaged seatbelts to their "physical condition at the time of the loss."

To the extent the complaint adequately alleges any actual damage to the seatbelts in plaintiff's vehicle,[1] there exists a dispute between the parties over the amount of the loss. Such dispute must be referred to binding appraisal under the policy. Contrary to plaintiff's assertions, Allstate has not waived its right to appraisal, and the possibility that he has replaced his seatbelts does not nullify the policy's appraisal provision.

Finally, each of plaintiff's claims is subject to dismissal on independent grounds because he fails to allege the essential elements for relief. For these reasons, Allstate respectfully requests the Court to enter judgment in its favor or, alternatively, to dismiss or stay plaintiff's claims.

---

[1] Tellingly, plaintiff's opposition makes clear the complaint does *not* adequately allege damage to the seatbelts, because the opposition argues that an inspection is supposedly needed "to determine whether there is damage to the seatbelts." (Opp., at 8:25-26 (emphasis added).)

-1-

CASE NO. C 08-1236   REPLY RE ALLSTATE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# ARGUMENT

## I. PLAINTIFF CANNOT STATE ANY CLAIM FOR RELIEF AGAINST ALLSTATE BECAUSE IT FULLY COMPLIED WITH ITS OBLIGATIONS UNDER THE POLICY.

Plaintiff does not dispute that each of his claims for relief is premised on the allegation that Allstate is contractually obligated to: (1) inspect "seat belts in post-collision Allstate-insured vehicles," and (2) pay to repair or replace any damaged seatbelts. (Compl., ¶ 10.) As explained below, plaintiff is wrong on the first point, and Allstate concedes the second. Any dispute over the amount Allstate owes to repair plaintiff's vehicle, however, must be resolved through binding appraisal. Accordingly, the complaint should be dismissed or, at a minimum, stayed pending completion of the appraisal process.

### A. As a Matter Of Law, Allstate Owes No Duty To "Inspect" Seatbelts.

Plaintiff does not dispute that Allstate's obligations are limited to those set forth in its policy. He has utterly failed, however, to identify any policy term obligating Allstate to "inspect" seatbelts. On the contrary, the policy obligates Allstate to "*pay* for direct and accidental loss to [an] insured auto" ─ not to "inspect" for it. Nor has plaintiff cited a single case from any jurisdiction supporting the imposition of such a duty on Allstate. To the contrary, the only cases to have addressed this issue have conclusively held that no such duty exists.

In its moving papers, Allstate cited opinions from the Fifth and Sixth Circuits that squarely considered and rejected the very proposition advanced by plaintiff, namely that an insurer owes a duty to inspect seatbelts following collisions. *See Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673, 676 (5th Cir. 2007) ("There is no policy language describing State Farm's duty to conduct or pay for automobile inspections . . . Absent a contractual provision or legislative act calling for an extensive seatbelts inspection upon the occurrence of any automobile collision, we will not enlarge the meaning of 'cost of repair' beyond its everyday understanding."); *Hall v. State Farm Mut. Auto. Ins. Co.*, 215 F. App'x. 423, 2007 WL 215662 (6th Cir. 2007) (dismissing contract claim where insured claimed insurer was obligated to pay for seatbelt inspections). Unable to overcome this authority, plaintiff simply ignores it.

1  Allstate also cited the California Court of Appeal's decision in *Levy v. State Farm Mutual Automobile Ins. Co.*, 150 Cal. App. 4th 1 (2007), which similarly rejected the notion that an insurer must inspect seatbelts, reasoning that a contrary ruling would "bind the insurer to a risk that it did not contemplate and for which it has not been paid." *Id*. at 6-7 (citation omitted). Again, plaintiff fails to address this holding in his opposition.

In short, there simply is no room for debate that Allstate is not contractually obligated to inspect seatbelts. The only other basis for plaintiff's claims is his contention that Allstate must pay to repair or replace seatbelts that are damaged in collisions ─ something Allstate does not dispute. As plaintiff concedes, however, not every accident results in damage to seatbelts. (Opp., at 8:25-26.) To the extent plaintiff contends Allstate owes additional amounts to repair or replace his *own* seatbelts, that issue must be referred to appraisal.

**B.     Any Dispute Over The Amount Allstate Owes To Repair Plaintiff's Vehicle Must Be Submitted To Appraisal.**

As explained in Allstate's moving papers, any dispute over the amount Allstate paid to repair plaintiff's car must be resolved through appraisal. Plaintiff's complaint alleges that the amount Allstate paid a repair shop to fix his car did not include "the cost of repair, replacement, or inspection of seat belts." (Compl., ¶ 42.) In his opposition, plaintiff complains that he "was forced to replace his seatbelts at his own cost." (Opp., at 9:10-11.) Hence, this case plainly involves a dispute over the amount of plaintiff's loss that is subject to appraisal. In response, plaintiff makes five arguments, none of which has merit.

1.     <u>The Court May Consider Allstate's Appraisal Demand</u>.

First, plaintiff asserts the Court cannot consider Allstate's written demand for appraisal because he contends "this letter is not central to Plaintiff's claim." (Opp., at 5:15-16.) On the contrary, the letter demonstrates that his claims are subject to mandatory appraisal: nothing could be more "central" in nature. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (court may consider document extrinsic to the complaint where "plaintiff's claim depends on the

-3-
CASE NO. C 08-1236                              REPLY RE ALLSTATE'S MOTION TO
                                                DISMISS OR, ALTERNATIVELY, TO STAY

1  contents of a document, the defendant attaches the document to its motion to dismiss, and the
2  parties do not dispute the authenticity of the document").[2]

3  Moreover, no point would be served in delaying resolution of this issue to the summary
4  judgment stage, since the very purpose of appraisal is to provide a speedy alternative to litigation.
5  *See Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street*, 35 Cal. 3d 312,
6  322 (1983) (noting California's "strong public policy in favor of arbitration as a speedy and
7  relatively inexpensive means of dispute resolution"). Indeed, adopting plaintiff's logic would
8  prevent insurers from promptly enforcing appraisal provisions merely because insureds
9  strategically omitted reference to such facts in their complaints. Such a result would contravene
10 established public policy. *Id.*; *Unetco Indus. Exch. v. Homestead Ins. Co.*, 57 Cal. App. 4th 1459,
11 1465-66 (1997) (acknowledging appraisal as a favored means of dispute resolution); *Engineers*
12 *and Architects Ass'n v. Community Dev. Dep't of Los Angeles*, 30 Cal. App. 4th 644, 651 (1994)
13 (accord).

### 2. The Appraisal Provision Is Mandatory.

15 Plaintiff next asserts that appraisal is optional under the policy. Not so. Although the
16 policy's appraisal provision does not require the parties to demand appraisal of every claim, it
17 becomes mandatory once a party *has* demanded appraisal. *Community Assisting Recovery, Inc. v.*
18 *Aegis Security Ins. Co.,* 92 Cal. App. 4th 886, 893 (2001).

19 Specifically, the appraisal provision in the policy states that each party *will* select an
20 appraiser if there is a demand for appraisal:

> Both you and Allstate have a right to demand an appraisal of
> the loss. Each *will* appoint and pay a qualified appraiser.
> Other appraisal expenses *will* be shared equally. The two
> appraisers, or a judge of a court of record, *will* chose an
> umpire. Each appraiser *will* state the actual cash value and the
> amount of loss.

---

[2] The Court also has discretion to convert Allstate's motion to one for summary judgment, if it deems it necessary to do so in order to consider Allstate's appraisal demand. Fed. Rule Civ. Proc. 12(d).

-4-
CASE NO. C 08-1236                    REPLY RE ALLSTATE'S MOTION TO
                                      DISMISS OR, ALTERNATIVELY, TO STAY

1  (Emphasis added.)  Once appraisers are selected, the appraisal provision states they *will* determine
2  the amount of the loss:

> A written decision by any two of these three persons *will* determine the amount of the loss.

5  (Emphasis added.)  Finally, the policy provides that plaintiff may not proceed with an action
6  against Allstate until he has complied with these policy terms.  (*See* Exhibit A to Allstate's
7  Motion to Dismiss, Policy Endorsement at p.8: "[n]o legal action may be brought against us until
8  there has been full compliance with all the policy terms.")  This language is mandatory, not
9  voluntary.

### 3.   Allstate Did Not Waive Its Right To Appraisal

Plaintiff next asserts that Allstate waived its right to appraisal.  The standard for waiver, however, has not been satisfied here.

Arbitration and appraisal of disputes are favored by public policy, and courts will find waiver of such procedures only in the clearest of situations.  Waiver is "the intentional relinquishment of a known right after knowledge of the facts."  *Waller v. Truck Ins. Exch.*, 11 Cal. 4th 1, 31 (1995).  To prove waiver, the insured must present "clear and convincing evidence that does not leave the matter to speculation," and "doubtful cases will be decided against a waiver."  *Id.*  In addition, the party claiming waiver "must show that some prejudice has resulted from the other party's delay in seeking arbitration."  *Berman v. Health Net*, 80 Cal. App. 4th 1359, 1364 (2000); *accord Keating v. Superior Court*, 31 Cal. 3d 584, 605-06 (1982) ("'[Mere] delay in seeking a stay of the proceedings without some resultant prejudice to a party [citation], cannot carry the day.'"), *overruled on other grounds by Southland Corp. v. Keating*, 465 U.S. 1 (1984).

Here, plaintiff has supplied the Court with *no* evidence, let alone "clear and convincing" evidence, that Allstate *intended* to waive its appraisal rights.  Instead, he merely contends Allstate "delayed" invoking the appraisal clause.  Allstate, however, first learned there was a dispute over the amount it paid plaintiff when it was served with his complaint, at which point Allstate promptly demanded appraisal.  Nor has plaintiff offered any evidence of prejudice.  To the contrary, appraising his claim will benefit both parties, as well as the Court, by quickly and

-5-
CASE NO.  C 08-1236          REPLY RE ALLSTATE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

efficiently resolving the dispute over the amount of plaintiff's loss. Accordingly, plaintiff has failed to prove that Allstate "waived" its right to appraisal.

### 4. Appraisal Will Determine The Amount Of The Loss, Not Coverage Issues.

Plaintiff next asserts that Allstate seeks to appraise coverage issues. On the contrary, Allstate has never requested appraisal of any coverage issue. Indeed, this case involves no coverage dispute because Allstate acknowledges that its policy covers "direct physical loss" to seatbelts. Instead, plaintiff contends Allstate underpaid his loss and forced him "to replace his seatbelts at his own cost." (Compl., ¶ 42; Opp., at 9:10-11.) Unless plaintiff is willing to concede that Allstate has fully paid his loss, there exists a dispute over the amount of that loss. The proper forum for resolving this dispute is not a courtroom, but through appraisal.

### 5. The Possibility That Plaintiff Has Replaced His Seatbelts Does Not Extinguish Allstate's Right To Appraisal.

Finally, plaintiff advances the novel position that he has extinguished Allstate's right to appraisal by paying to replace his seatbelts. He has failed to cite a single case for this proposition, and Allstate has located none. Indeed, if plaintiff was correct, then an insured could nullify an appraisal clause simply by paying for his own repairs and then demanding reimbursement from his insurer. The policy, however, does not state that the amount an insured happens to pay to repair his car unilaterally determines the amount Allstate owes on a loss. As a result, plaintiff's alleged payment does not eliminate the parties' dispute over the amount Allstate owed.

\* \* \*

In short, plaintiff has failed to articulate any basis on which the Court should decline to enforce the policy's appraisal provision. Accordingly, to the extent the complaint adequately alleges damage to the seatbelts in plaintiff's vehicle (*see* footnote 1), the Court should refer this matter to appraisal and dismiss plaintiff's complaint. Alternatively, the Court should stay this matter pending completion of the appraisal process.

## II. PLAINTIFF'S "BAD FAITH" CLAIMS MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE AN UNREASONABLE BREACH OF CONTRACT.

Allstate moved to dismiss plaintiff's second and third claims, for "bad faith" and "breach of implied covenant of good faith and fair dealing," because the complaint alleges no cognizable claim for breach of contract.[3] In response, plaintiff simply reiterates his contention that he has sufficiently pled a breach of contract by alleging that Allstate refused to "inspect and/or replace" his seatbelts. (Compl., ¶ 68; Opp., p. 14.) As explained above, however, Allstate had no contractual obligation to inspect plaintiff's seatbelts as a matter of law. Without a breach of contract, plaintiff cannot maintain a claim for "bad faith." *See Love v. Fire Exchange*, 221 Cal. App. 3d 1136, 1153 (1990).

Nor has plaintiff alleged facts showing an *unreasonable* withholding of policy benefits. *Love*, 221 Cal. App. 3d at 1151 ("bad faith" requires proof that insurer withheld benefits unreasonably or without proper cause). Plaintiff *nowhere* alleges that his seatbelts sustained "direct physical loss" requiring repair or replacement − the predicate to a covered loss under the policy. Instead, he merely alleges his seatbelts "needed to be inspected, repaired and/or replaced." (Compl., ¶ 40.) Given that Allstate owed no duty to "inspect" seatbelts, plaintiff's equivocal allegations fail to establish that any policy benefits were withheld, let alone that they were *unreasonably* withheld. Accordingly, his "bad faith" claims fail for this additional reason.

## III. PLAINTIFF HAS FAILED TO PROPERLY ALLEGE THE ELEMENTS OF FRAUD.

Allstate's motion argued that plaintiff's fraud claim fails to satisfy the Ninth Circuit's "falsity" requirement, which requires a plaintiff to "set forth an explanation as to why the statement or omission complained of was false or misleading" when made. *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1548-49 (9th Cir. 1994), *superseded by statute on other*

---

[3] In California, "bad faith" is synonymous with a "breach of the implied covenant of good faith and fair dealing." *See, e.g., Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1009 (9th Cir. 2004); *Seretti v. Superior Nat. Ins. Co.*, 71 Cal. App. 4th 920, 929 (1999). Hence, plaintiff's second and third claims for relief are duplicative.

-7-
CASE NO. C 08-1236   REPLY RE ALLSTATE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY

1   *grounds*.  In response, plaintiff contends he has satisfied this requirement by alleging that Allstate
2   issued his policy without any intention of performing under it.  Not so.
3         Plaintiff's attempt to satisfy the "falsity" requirement simply by alleging Allstate failed to
4   perform its contractual obligations has been explicitly rejected by the Ninth Circuit. *GlenFed*, 42
5   F.3d at 1549 (rejected pleading "fraud by hindsight" theory).  Instead, plaintiff must allege
6   specific facts which, if believed, would establish Allstate knew, at the time it made
7   representations, that it never intended to honor them.  *Id.*  That is, plaintiff must allege specific
8   facts *contemporaneous to his purchase of the policy* which, if true, would establish Allstate *then*
9   had no intent to perform.  Plaintiff's retrospective allegation that Allstate seems never to have had
10  any intention of performing its contractual obligations is insufficient under federal law.
11        The court rejected a similar argument in *Smith v. Allstate Insurance Co.*, 160 F. Supp. 2d
12  1150 (S.D. Cal. 2001), in which the insured sought to premise a fraud claim on the allegation that
13  Allstate issued a policy with no intent of performing its contractual obligations.  The court
14  rejected the claim, explaining:

15  > the plaintiff is precluded from simply pointing to a defendant's
16  > statement, noting that the content of the statement conflicts with the
    > current state of affairs, and then concluding that the statement in
17  > question was false when made. . . .

18  *Id.* at 1152-53.  The court also rejected the insured's request that it infer that Allstate never
19  intended to honor its contractual obligations:

20  > This argument is specious.  It assumes that the alleged breach of
    > contract can be used as evidence that Allstate never intended to honor
21  > the contract, thereby committing fraud.  Such an assumption…
    > contradicts the heightened pleading requirements of Rule 9(b) and
22  > would allow "every breach on contract [to] support a claim of fraud so
    > long as the plaintiff adds to his complaint a general allegation that the
23  > defendant never intended to keep her promise."

24  *Id.* at 1153-54.  *See also Icasiano v. Allstate Ins. Co.,* 103 F.Supp.2d 1187, 1191-92 (N.D. Cal.
25  2000) ("Plaintiff must allege specific facts contemporaneous to her purchase of the policy which,
26  if true, would establish Allstate then had no intent to perform.  Plaintiff's nebulous, retrospective
27  allegation that Allstate never had any intention of performing its contractual obligations is
28  insufficient [to allege fraud] under federal law.").  As in *Smith* and *Icasiano,* plaintiff has merely

-8-
CASE NO.  C 08-1236        REPLY RE ALLSTATE'S MOTION TO
                           DISMISS OR, ALTERNATIVELY, TO STAY

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  alleged that Allstate never intended to perform its contractual obligations. Such allegations are
2  insufficient as a matter of law to state a fraud claim in the Ninth Circuit. *GlenFed*, 42 F.3d at
3  1549.

4  Plaintiff alternatively argues that Allstate commits fraud when it uses the advertising slogan,
5  "You're in good hands with Allstate." (Opp., at 16:1-5.) Allstate's advertising slogan, however,
6  cannot serve as the basis for a fraud claim because it is not a statement of fact. Instead, it amounts
7  to nothing more than nonactionable "puffery." *Smith,* 160 F.Supp. 2d at 1154 ("Allstate's 'good
8  hands' slogan lacks the meaningful specificity necessary to be considered a representation of
9  fact."); *Bologna v. Allstate Ins. Co.,* 138 F.Supp.2d 310, 323-24 (E.D.N.Y. 2001) (Allstate's
10 "good hands" slogan is "general, subjective and cannot be proven true or false"); *Rodio v. Smith*,
11 123 N.J. 345, 352, 587 A.2d 621 (1991) (Allstate's "good hands" slogan was "not a statement of
12 fact" and could not "rise to the level of common law fraud" but was instead "nothing more than
13 puffery."); *see also Sadler v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2778257, *3 (W.D. Wash
14 2007) (rejecting attempt to premise fraud claim on State Farm's "like a good neighbor" slogan).

15 Finally, plaintiff does not dispute that he has failed to allege any "monetary loss" resulting
16 from Allstate's alleged "misrepresentations." *See Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th
17 1226, 1239 (1995) ("[U]nless the plaintiff merely seeks to rescind the contract, it must suffer
18 actual monetary loss to recover on a fraud claim."). Instead, he seeks "disgorgement," which is
19 unavailable on a fraud claim. Accordingly, plaintiff's fraud claim should be dismissed for failure
20 to plead a cause of action on this additional ground. *See Williams v. Wraxall,* 33 Cal. App. 4th
21 120, 131-32 (1995); *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989).

22 **IV.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER SECTION 17200.**

23 Allstate's motion also argued that plaintiff's claim for violation of California Business &
24 Professions Code section 17200 must be dismissed because he has failed to allege "unlawful,"
25 "unfair" or "fraudulent" conduct by Allstate. In response, plaintiff does not contest Allstate's
26 argument that the complaint involves no "unlawful" or "fraudulent" conduct under Section 17200.
27 Instead, plaintiff contends Allstate alleged "practice" of refusing to "underwrite the inspection
28 and/or replacement of post-collision seatbelts placed its insured in danger" satisfies the "unfair"

-9-
CASE NO. C 08-1236                                              REPLY RE ALLSTATE'S MOTION TO
                                                                DISMISS OR, ALTERNATIVELY, TO STAY

1  prong of Section 17200 because it "is immoral, unethical, oppressive, unscrupulous and

2  substantially injurious to consumers." (Opp., p. 17.) As explained above, however, Allstate is not

3  contractually obligated to inspect seatbelts.

4  Moreover, contrary to plaintiff's assertions, Allstate's alleged failure to follow "industry

5  standards" does not support liability under 17200. *See Bardin v. DaimlerChrysler Corp.*, 136 Cal.

6  App. 4th 1255, 1260-61 (2006) (allegations that defendant failed to follow "industry standards"

7  did not allege "immoral, unethical, oppressive, unscrupulous or substantially injurious to

8  consumers"). The law already imposes appropriate limitations on unfair competition and courts

9  may not simply enforce their own views as to what is fair or unfair. *See Cel-Tech*

10  *Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999).

11  Further, contrary to plaintiff's assertion, the question of what constitutes "unfair" conduct

12  for purposes of Section 17200 is not necessarily a question of fact. (Opp., p. 16.) Indeed, as

13  explained in Allstate's moving papers, the California Court of Appeal determined that an insurer's

14  failure to inspect seatbelts was not "unfair" *as a matter of law* in *Levy v. State Farm Mutual*

15  *Automobile Ins. Co.*, 150 Cal. App. 4th 1, 6-9, 58 Cal. Rptr. 3d 54 (2007).[4] Plaintiff again

16  chooses to ignore this portion of *Levy's* holding in his opposition.

17  For these reasons, plaintiff cannot premise a Section 17200 claim on the allegation that

18  Allstate's failure to "inspect and/or replace" seatbelts. Accordingly, his Section 17200 claim

19  should be dismissed.

20  **V.   PLAINTIFF HAS FAILED TO ALLEGE THE ELEMENTS OF A RICO VIOLATION.**

21  Allstate moved to dismiss plaintiff's RICO claim on the ground that plaintiff had failed to

22  allege — with factual specificity — predicate criminal acts which constitute a pattern of

23  racketeering activity. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995). In

24  response, plaintiff concedes he is required to allege such facts, but contends he has satisfied this

---

[4] *See* Exhibit C to Allstate's Motion to Dismiss for the complete decision, including the unpublished sections. Although they are not binding authority, unpublished opinions from the California Court of Appeal are routinely relied upon by courts for their persuasive value. *See Conrad v. Ball*, 24 Cal. App. 4th 439, 443 (1994); *People v. McDaniels*, 21 Cal. App. 4th 1560, 1566 (1994); *Cynthia D. v. Super. Ct. (San Diego)*, 5 Cal. 4th 242, 254 n. 9 (1993).

-10-
CASE NO. C 08-1236                                   REPLY RE ALLSTATE'S MOTION TO
                                                     DISMISS OR, ALTERNATIVELY, TO STAY

1  standard by alleging that Allstate "failed to honor its obligation to restore Plaintiff's vehicle to its
2  pre-loss condition" and prevented third-party auto repair shops from inspecting vehicles by
3  allegedly refusing to replace seatbelts. (Opp., pp. 17-18.) Neither of these allegations, however,
4  constitutes a "criminal act." 18 U.S.C. § 1961.

Allstate's motion also explained that plaintiff failed to allege the existence of an "enterprise" under RICO and the identity of any "person" who used the enterprise to conduct racketeering activity. In response, plaintiff asserts that Allstate constitutes an "enterprise," but fails to identify any "person" who allegedly used that enterprise to conduct racketeering activity. Contrary to plaintiff's assertions, a corporate defendant cannot associate or conspire with itself under RICO. *See Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082, 1090 (N.D. Cal. 2006) ("Section 1962(c) requires a plaintiff to allege as a defendant the 'person' or 'persons' who are distinct from the 'enterprise' and whose business the enterprise is conducting.") (*citing Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1533 (9th Cir. 1992)).

Finally, plaintiff does not dispute that he has failed to allege any financial injury caused by Allstate's alleged conduct. *See Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2002) ("To demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss…").

In short, plaintiff's complaint fails to allege the essential elements of a RICO claim. Accordingly, it should be dismissed.

### VI.  ALLSTATE INSURANCE COMPANY AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ARE NOT PROPER DEFENDANTS.

Finally, Allstate argued that Allstate Insurance Company and Allstate Property and Casualty Insurance Company should be dismissed because they were not parties to plaintiff's insurance policy and no allegations are specifically directed at them. In response, plaintiff asserts that these defendants are all "part and parcel" of Allstate Corporation. (Opp., at 18:8.) The complaint, however, contains no such allegations, which could not survive Rule 11 scrutiny, in any event.

Moreover, contrary to plaintiff's assertion, a contract with one corporation does not bind related companies. *See Gold v. Gibbons*, 178 Cal. App. 2d 517, 519 (1960). Plaintiff's reliance on *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202 (2002), for this proposition is misplaced.

-11-
CASE NO. C 08-1236                                    REPLY RE ALLSTATE'S MOTION TO
                                                      DISMISS OR, ALTERNATIVELY, TO STAY

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  *Tran* addressed the liability of attorneys-in-fact and reciprocal insurers operating as an
2  interinsurance exchange, neither of which is involved here.
3        In short, this case involves a dispute between plaintiff and his insurer, Allstate Indemnity
4  Company. Because plaintiff has failed to allege any basis on which to assert claims against
5  Allstate Insurance Company and Allstate Property and Casualty Insurance Company, these
6  defendants should be dismissed.

7  **VII.   LEAVE TO AMEND SHOULD BE DENIED.**

8        Finally, plaintiff seeks leave to amend in the event the Court grants Allstate's motion. He
9  has failed, however, to identify a single factual allegation he intends to add to his complaint. Nor
10 has he explained how any amendment could cure the defects in his pleading. Because amendment
11 would be futile and a waste of judicial resources, plaintiff's request should be denied.

**CONCLUSION**

13       For the reasons set forth above and in its moving papers, Allstate respectfully requests that
14 plaintiff's complaint be dismissed, or in the alternative, that the Court stay this action pending
15 completion of the appraisal process.

Respectfully submitted,

Dated: June 10, 2008          SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____/s/_____
    Mark Hanover
    Sonia Martin

Attorneys for Defendants
ALLSTATE INDEMNITY COMPANY,
ALLSTATE INSURANCE COMPANY and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000