**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

ROBERT WATTS, on behalf of himself individually and all others similarly situated,

   Plaintiff,

 v.

ALLSTATE INDEMNITY CO., an Illinois corporation, *et al.*,

   Defendants.

No.  C 08-1236 SBA

**ORDER**

[Docket No. 13]

  Before the Court is defendants' Motion to Dismiss or, Alternatively, Stay Pending Appraisal (the "Motion") [Docket No. 13].  Although defendants (collectively, "Allstate") indicate they attempted to meet and confer but could not, due to plaintiff's unavailability, Mot. at 2 n.3, they do not explain, however, the timing of their attempts or the reason, if any, they were unable to so before filing the Motion.  Based upon the Court's review of the Motion, it appears that had the parties met and conferred, they could have addressed a number of issues raised in the Motion which would have either addressed or at least narrowed the scope of any disagreement between the parties.  As such, the Court gives the parties ten days to meet and confer and decide whether Watts should file a First Amended Complaint ("FAC"), to address some or all of these issues and/or whether, by stipulation the parties are able to agree that some of the issues presented in the Motion are no longer subject to dispute.

  In meeting and conferring, the parties are to consider the following issues:

(1)  To the extent Allstate claims Watts has not pled a loss or actual damages, whether an FAC would be appropriate;

(2)  Whether the right to an appraisal expressed in plaintiff's policy documents, and which Allstate claims functions as an arbitration provision, may lawfully be applied under California law as a class arbitration waiver;

///

    (3)    To the extent Allstate claims Watts has failed to plead fraud with specificity, whether an FAC would be appropriate;

    (4)    To the extent Allstate claims Watts has failed to plead unfair competition, under section 17200 of the California Business and Professions Code, whether an FAC would be appropriate;

    (5)    To the extent Allstate claims Watts has failed to plead certain specific information related to a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, whether an FAC would be appropriate;

    (6)    To the extent Allstate claims certain defendants should be dismissed as uninvolved in this matter, whether an FAC or a stipulation would be appropriate;

In addition to the above, Watts has ten days to file a venue declaration explaining his connection to the Northern District of California (the "Venue Declaration"). Specifically, Watts is to identify the locations of the collision giving rise to this matter, the subsequent service of the vehicle, and "the failure to inspect and repair seat belts pretensioners."

ACCORDINGLY, IT IS HEREBY ORDERED THAT the parties have 10 days from the date of entry of this Order to meet and confer, and jointly file a statement certifying that they have met and conferred and discussed the issues which the Court has identified. The parties shall identify for the Court, those issues which are no longer in dispute, advise the Court as to those issues for which they agree Watts may file an FAC, and those issues which remain in dispute. Finally, Watts has 10 days from the date of entry of this Order to file his Venue Declaration.

IT IS SO ORDERED.

June 17, 2008                        *Saundra B Armstrong*
                                    Saundra Brown Armstrong
                                    United States District Judge