1  WENDY YORK (State Bar No. 166864)
   JENNIFER B. EULER (State Bar No. 232378)
2  YORK LAW CORPORATION
   1111 Exposition Boulevard, Building 500
3  Sacramento, CA  95815
   Telephone:  (916) 643-2200
4  Facsimile:  (916) 643-4680
   Email:        wyork@yorklawcorp.com
5                    jeuler@yorklawcorp.com

6  Attorneys for Plaintiff
   ROBERT WATTS

7

8  MARK HANOVER *(Pro Hoc Vice)*
   SONIA MARTIN (State Bar No. 191148)
9  SONNENSCHEIN NATH & ROSENTHAL LLP
   2121 North California Blvd., Suite 800
10 Walnut Creek, CA  94596
   Telephone: (925) 949-2600
11 Facsimile:  (925) 949-2610
   Email:        smartin@sonnenschein.com
12                    mhanover@sonnenschein.com

13 Attorneys for Defendant
   ALLSTATE INDEMNITY COMPANY,
14 ALLSTATE INSURANCE COMPANY, and
   ALLSTATE PROPERTY AND CASUALTY
15 INSURANCE COMPANY

16

17                    UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19                              OAKLAND DIVISION

| | |
|---|---|
| 20  ROBERT WATTS, on behalf of himself individually and all other similarly <br> 21  situated, <br> 22          Plaintiff, <br> 23      vs. <br> 24  ALLSTATE INDEMNITY COMPANY, an Illinois corporation, ALLSTATE <br> 25  INSURANCE COMPANY, an Illinois corporation, ALLSTATE PROPERTY <br> 26  AND CASUALTY INSURANCE COMPANY, an Illinois corporation; and <br> 27  DOES 1 through 100, inclusive <br> 28          Defendants. | No.  CV 081236 <br><br> JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER <br><br> Date:    July 10, 2008 <br> Time:    3:30 p.m. <br> Place:   Courtroom 3 <br> Before:  Hon. Saundra Brown Armstrong |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil L.R. 16-9(a), the parties to the above-titled action submit this Joint Case Management Statement and Proposed Order with respect to the Case Management Conference set for July 10, 2008, and request that the Court adopt it as the Case Management Order.

### 1. Jurisdiction and Service:

This Court has original jurisdiction over the Superior Court Action pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this is a class action in which (a) the matter-in-controversy exceeds the sum or value of $5,000,000 when the claims of the individual class members are aggregated, exclusive of interest and costs, and (b) any member of the class of plaintiffs is a citizen of a State different from any defendant. As pleaded, the Complaint also establishes a basis for federal question jurisdiction under 28 U.S.C. § 1331, based on an alleged violation of the Racketeer Influence and Corrupt Organization statute, 18 U.S.C. §1964(a) and (c).

There are no issues regarding personal jurisdiction and venue. All parties have been served.

### 2. Facts:

Plaintiff is a named insured under an automobile policy issued by Allstate Indemnity Company. (*See* Compl., ¶ 37.) On March 29, 2006, plaintiff's vehicle was involved in a collision, and was repaired by an auto body repair shop the following month. (Compl., ¶¶ 40, 44.) Plaintiff contends Allstate Indemnity Company breached the policy by failing to inspect or repair the vehicle's seatbelts after the accident. (*Id.*, ¶ 46.)

Plaintiff alleges that his vehicle at issue is a 2005 Honda Civic. (*Id.* ¶ 37.) The Complaint further alleges that "[m]ost, if not all, automobile owner manuals in the United States during the Class Period have required that seat belts be inspected by a certified and/or qualified technician or replaced after an auto accident occurs." (*Id*., ¶15.) Plaintiff further alleges that a belt that has been worn during a crash may not provide the same level of protection in a subsequent crash. (*Id.*)

1    Plaintiff alleges that he requested defendant Allstate to inspect the seatbelts and
2 pretensioners in his car. (*Id.*, ¶45.) Plaintiff further alleges that Allstate "refused to provide
3 coverage for the costs of inspecting and repairing the seatbelts and pretensioners in his vehicle."
4 (*Id.*)

5    In this putative class action, plaintiff asserts claims against Allstate Insurance Company,
6 Allstate Indemnity Company and Allstate Property Casualty Insurance Company (collectively,
7 "Allstate") for breach of contract, bad faith, fraud, and violation of Business & Professions Code
8 section 17200, *et seq.,* and the Racketeer Influenced and Corrupt Organizations Act ("RICO"),
9 arising from the handling of his claim. Plaintiff's claims are premised on the allegation that
10 Allstate "[refrained] from underwriting the inspection and replacement of seat belts in post-
11 collision Allstate-insured vehicles." (Compl., ¶ 10.) Plaintiff seeks to represent a putative class
12 of policyholders "who [were] involved in a collision in which automatic seat belt tensioners
13 activated, after which Allstate failed to underwrite the inspection and/or replacement of the seat
14 belts in the vehicle." (*Id.*, ¶ 47.)

15    Plaintiff contends defendant Allstate engaged in the unfair practice of refusing to pay for
16 inspection and replacement of seatbelt tensioners despite the auto manufacturers' mandate that
17 any seatbelt worn during a crash and any seatbelt tensioner that activates during a crash must be
18 replaced. Plaintiff further contends that the appraisal process is not applicable to the
19 replacement of seatbelt tensioners.

20    Allstate disputes plaintiff's allegations and further contends that plaintiff has failed to
21 adequately plead any legal or factual basis to support any claim. If the Court concludes that
22 plaintiff does otherwise state one or more claims, then Allstate contends this suit should be
23 dismissed or stayed because the dispute is subject to an appraisal provision that Allstate has
24 invoked, and compliance with the appraisal provision is a condition precedent to the filing of
25 any action. Finally, Allstate denies that it has acted in bad faith, committed fraud, or violated
26 Section 17200 or RICO in connection with the handling of plaintiff's claim. Subject to any
27 ruling on Allstate's pending motion, Allstate may assert additional defenses.
28

1      The remaining paragraph of this factual statement is included by plaintiff over the objection of Allstate.  Allstate contends the following paragraph should not be considered by the Court because it appears nowhere in the Complaint and does not cite the Complaint.  Allstate contends the following paragraph is extrinsic to the Complaint, and disputes it.

Plaintiff contends seatbelt tensioners that activate during a collision are required to be replaced by the auto manufacturer as a matter of safety as the seatbelt will be less effective is a subsequent crash and can result in serious injuries or death.  Much like child seats or motorcycle helmets that are involved in collisions, the replacement of seatbelts and seatbelt tensioners are a matter of public safety.  As such, plaintiff contends they are not subject to the appraisal process.  Plaintiff contends that, even if the appraisal process was applicable to this situation, defendant Allstate waived their right to invoke the appraisal process when they breached their contract with plaintiff.  Plaintiff contends defendant Allstate declined to inspect and/or replace plaintiff's seatbelt tensioners.  Plaintiff asserts defendant's declination was a breach of contract on defendant's behalf thus waiving their right to invoke the appraisal process.

**3.   Legal Issues:**

One or more parties contend the following legal issues are in dispute:

1.   Whether Allstate owed a contractual duty to inspect plaintiff's vehicle for damage to seatbelt tensioners;

2.   Whether Allstate breaches its policy if it does not pay for the inspection and replacement of seatbelt tensioners after a vehicle is involved in a collision;

3.   Whether Allstate breached the implied covenant of good faith and fair dealing if it does not inspect and replace seatbelt tensioners after a vehicle is involved in a collision;

4.   Whether Allstate commits fraud if it does not advise its policyholders that it will not pay for inspections and repairs of seatbelt tensioners to restore the vehicle to its pre-loss condition;

5.   Whether Allstate engaged in unlawful, unfair or fraudulent business practices;

6.   Whether Allstate violated RICO;

7.   Whether Allstate can have punitive damages liability; and

1    8.   Whether plaintiff has standing to recover against Allstate Insurance Company and Allstate Property & Casualty Company on any theory.

In addition, Allstate contends the following legal issues are also in dispute:

9.   Whether any dispute over the cost to repair plaintiff's vehicle should be submitted to appraisal under the policy; and

10.  Whether plaintiff can state a valid claim against Allstate.

In addition, plaintiff contends the following legal issue is also in dispute:

11.  Whether Allstate's alleged refusal to inspect and repair seatbelts constitutes a waiver of the appraisal process.

**4.   Motions:**

Each of plaintiff's claims is based upon the alleged breach by Allstate of its purported contractual obligation to inspect and pay for alleged damage to seatbelt tensioners in vehicles owned by their insureds. On April 30, 2008, Allstate filed a motion to dismiss or, alternatively, to stay pending completion of appraisal. On June 10, 2008, plaintiff filed an opposition to Allstate's motion to dismiss. On June 17, 2008, the Court issued an order ordering the parties to meet and confer within 10 days of the order. Plaintiff has sent a meet and confer letter to defendants outlining his position and the parties are in the process of scheduling a conference call to further discuss the issues addressed in the Court's order.

**5.   Amendment of Pleadings:**

The parties are currently involved in the meet and confer process to address whether a First Amended Complaint would be appropriate.

**6.   Evidence Preservation:**

Plaintiff is requesting that defendants preserve all McKinsey documents and reports, internal memos and policies regarding how adjusters are instructed and trained on whether to pay for the inspection and/or repair of seatbelts, including but not limited to, seatbelt tensioners.

Allstate contends that so-called "McKinsey documents" are not relevant to the dispute here, and are not reasonably likely to lead to the discovery of relevant information.

The parties have taken appropriate steps to ensure the preservation of evidence.

**7.   Disclosures:**

If the Court denies Allstate's pending motion, the parties will exchange their initial disclosures pursuant to Rule 26(f) within 30 days of the Court's ruling on that motion.

**8.   Discovery:**

This is a complex matter requiring special case management provisions and cooperation among counsel. Plaintiff claims defendants breached their insurance policy contract with plaintiff, acted in bad faith, committed fraud, and violated Business & Professions Code section 17200, *et seq.,* and the Racketeer Influenced and Corrupt Organizations Act ("RICO") by refusing to inspect and replace plaintiff's seatbelts and seatbelt tensioners in plaintiff's post-collision Allstate-insured vehicle. Allstate contends the Complaint fails to state a claim and, therefore, that discovery should be stayed pending this Court's ruling on the pending motion. Moreover, even if the Complaint is found to state a claim, Allstate Indemnity Company has invoked the appraisal provision in plaintiff's insurance policy, which should result in the entire case being stayed or dismissed pending the completion of the appraisal process. Appraisal constitutes an efficient way to resolve the dispute between the parties without engaging in broader discovery. If the Court declines to effectuate a stay of discovery pending its ruling on Allstate's pending motion, the parties propose the schedule set forth below under Section 15. Except as otherwise provided herein, this schedule addresses *class certification only*.

**9.   Class Actions:**

See number 17 Scheduling below.

**10.   Related Cases:**

Plaintiff is unaware of any related pending cases. Defendant Allstate represents that the case of Hebert v. Allstate Ins. Co., Case No. 6:06-CV-1535LO, is currently pending in the United States District Court, Western District of Louisiana.

**11. <u>Relief:</u>**

<u>Plaintiff's Statement</u>

Plaintiff seeks:

    (1)    Declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that Plaintiff and Class Members' ALLSTATE auto insurance policies, which were drafted by Defendants, obligated Defendants to underwrite the post-collision inspections and/or repairs of the seat belts in Plaintiff and Class Members ALLSTATE-insured vehicles;

    (2)    That the Court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    (3)    That the Court find that ALLSTATE has violated Business and Professions Code § 17200 by developing and implementing a uniform policy of wrongfully declining to underwrite the post-collision inspections and repairs of ALLSTATE-insured vehicles;

    (4)    That the Court find that ALLSTATE has violated 18 U.S.C. § 1962(c) by preventing third party auto-repair shops from inspecting and repairing defective seat belt tensioners in ALLSTATE-insured vehicles;

    (5)    That the Court find that ALLSTATE has violated 18 U.S.C. § 1962(c) by operating its own line of auto-repair shops in part to further its implementation of its uniform scheme to wrongfully avoid underwriting post-collision inspections and repairs to ALLSTATE-insured vehicles;

    (6)    That the Court find that ALLSTATE's violations as described have been knowing and willful;

    (7)    That ALLSTATE be ordered and enjoined to pay restitution to Plaintiffs and the Class due to ALLSTATE's unlawful and/or unfair and/or fraudulent activities, pursuant to Business and Professions Code §§ 17200-

05. To provide the damages analysis to the court plaintiff needs to know the number of Allstate policyholders whom Allstate provided collision coverage for during the last four years.

(8)   That ALLSTATE further be enjoined to cease and desist from unlawful and/or unfair and/or fraudulent activities in violation of Business and Professions Code § 17200, pursuant to § 17203;

(9)   That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Rule 23(h) of the Federal Rules of Civil Procedure and/or other applicable law.

(10)  For punitive and exemplary damages in an amount commensurate with ALLSTATE's ability to pay and sufficient to deter such conduct in the future;

(11)  That the Court award such other and further relief as this Court may deem appropriate.

Defendant's Statement

Allstate seeks judgment in its favor. In the alternative, Allstate seeks dismissal or stay pending the completion of contractual appraisal process invoked by Allstate.

**12.  Settlement and ADR:**

The parties have participated in a telephone conference with the ADR Administrator and another conference call is scheduled for July 14, 2009.

**13.  Consent to Magistrate:**

Allstate respectfully declined assignment of this action to a Magistrate Judge.

**14.  Other References:**

The parties do not believe any other reference is necessary at this time.

**15.  Narrowing of Issues:**

The parties believe it is premature to narrow the issues through stipulation at this time.

**16. Expedited Schedule:**

This is not the type of case that can be handled on an expedited schedule with streamlined procedures.

**17. Scheduling:**

Plaintiff contends that this case is ready to be scheduled for the following reasons: (1) Defendant Allstate refused to inspect and replace the seatbelts upon the express request by their insured; and (2) the insured proceeded to inspect and replace his seatbelts at his own expense. Thus, the appraisal process is moot. Allstate disagrees, and contends the case should be stayed pending ruling on dispositive motions. Plaintiff contends the case should not be stayed. If the Court declines to stay, then the parties agree to the following schedule through the class certification hearing:

    A.    The parties will exchange initial disclosures by July 25, 2008.

    B.    Plaintiff shall designate expert witnesses in writing and provide expert reports by November 14, 2008.

    C.    Allstate shall designate expert witnesses in writing and provide expert reports by December 25, 2008.

    D.    Any dispositive motions relating to the standing and/or the viability of the named plaintiff's claim shall be heard by December 16, 2009.

    E.    The motion for class certification shall be filed by February 2, 2009.

    F.    Any memorandum in opposition to the motion for class certification shall be filed by April 1, 2009.

    G.    Any reply supporting the motion for class certification shall be filed by May 4, 2009.

    H.    The hearing on the motion for class certification shall be set by the Court for a date no sooner than June 1, 2009.

In addition, Allstate contends the Court should impose a discovery cut-off for discovery concerning class certification issues, and proposes January 22, 2009. Plaintiff does not believe the Court should impose such a cut-off.

The dates set forth in the above schedule are subject to the Court's ruling on dispositive motions.

**18. Trial:**

Plaintiff requests a trial date and a jury trial in late 2009.

Allstate contends that, in light of the pending motion and unresolved issues of class certification, setting a trial date at this time would be premature. The expected length of trial and whether it will be to a jury or the bench is contingent upon this Court's ruling on the pending motion and on the Court's ruling on any subsequent motions, including any motion for class certification.

**19. Disclosure of Non-Party Interested Entities or Persons:**

The parties are not aware of any interested parties required to be disclosed pursuant to Northern District Local Rule 3-16.

Dated: June 25, 2008

Respectfully submitted,

YORK LAW CORPORATION

By_____/s/_____
                WENDY YORK

Attorneys for Plaintiff
ROBERT WATTS

Dated: June 25, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By_____/s/_____
                MARK HANOVER
                SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

## [PROPOSED] ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

[The Court may wish to make additional orders as follows:

_____

_____

_____

IT IS SO ORDERED.

Date: _____

Saundra Brown Armstrong
United States District Court

27297352