WENDY C. YORK, SBN 166864
JENNIFER B. EULER, SBN 232378
**YORK LAW CORPORATION**
1111 Exposition Boulevard, Building 500
Sacramento, CA 95815
Telephone: 916-643-2200
Facsimile: 916-643-4680

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT WATTS, on behalf of himself individually and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, an Illinois corporation; ALLSTATE INSURANCE COMPANY, an Illinois corporation; ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: CV 081236<br><br>**PLAINTIFF'S RESPONSE TO COURT'S JUNE 17, 2008 ORDER REQUIRING THE PARTIES TO MEET AND CONFER** |

Plaintiff, Robert Watts, hereby certifies that the parties have conferred regarding the issues identified in the Court's June 17, 2008 Order relating to defendants' motion to dismiss or alternatively, to stay pending appraisal. On June 19, 2008, Plaintiff sent Defendants' counsel a "meet and confer" letter outlining Plaintiff's positions and requesting a conference call to discuss the issues in further detail. Thereafter, on July 3, 2008, counsel for both parties participated in a telephone conference to discuss the issues raised by the Court. During the conversation it was

-1-

clear that the parties were unable to reach an agreement on any issue presented by the court. In addition, Defendants made it clear that regardless of the amendments Plaintiffs proposed, they would not be sufficient for Defendants. During the conversation, Plaintiff suggested that Defendants arguments were better suited for a motion for summary judgment than for a motion to dismiss. At the conclusion of the telephone conference, Plaintiff agreed to prepare a further meet and confer letter and Defendant agreed to draft a joint response. On July 9, 2008, Plaintiff's counsel informed Defendants that they had started a trial and would get the additional meet and confer letter to them as soon as possible. On July 10, 2008, Defendants filed their reply with the court. What follows is Plaintiff's position on the issues raised by the Court's June 17, 2008 Order.

**Issue 1:** **"To the extent Allstate claims Watts has not pled a loss or actual damages, whether an FAC would be appropriate."**

Plaintiff contends that the damage to his vehicle's seatbelts is an actual loss to Plaintiff. The damaged seatbelts are as much a "direct physical loss" to the vehicle as is the damage to the body of the vehicle. Plaintiff contends that the complaint alleges facts sufficient to plead loss based on the auto manufacturer's mandate that seatbelts that are worn in a collision are deemed damaged and <u>must</u> be replaced. However, in addition to the facts already set forth in Plaintiff's Complaint, Plaintiff is willing to amend his complaint to allege the following:

Plaintiff is informed and believes that his vehicle's involvement in a high impact, front end collision causing substantial damage to the vehicle and significant injuries to the passengers wherein the seatbelts were worn and engaged caused significant damage to Plaintiff's seatbelts and restraint systems.

Plaintiff further alleges that the involvement in the collision reduced the effectiveness of his seatbelts in a subsequent collision.

Plaintiff further alleges that the seatbelts' webbing is stretched and elongated, that the anchors that secure the seatbelts to the vehicle are damaged, and the retractor locking mechanisms

are damaged due to the collision.

Plaintiff further alleges that the post-collision seatbelts in his vehicle constitute a loss because it rendered his vehicle unsafe in a subsequent collision.

Plaintiff further alleges that had the requested inspection and replacement been completed, that the above listed damages would have been discovered and repaired leaving his vehicle in its pre-loss, pre-accident safe condition.

Plaintiff further alleges he suffered economic loss because Allstate's failure to inspect and replace the seatbelts required Plaintiff to bear the financial burden for the replacement of the vehicle's seatbelts.

**Issue 2:** **"Whether the right to an appraisal expressed in plaintiff's policy documents, and which Allstate claims functions as an arbitration provision, may lawfully be applied under California law as a class arbitration waiver."**

It is Plaintiff's position that Defendants' attempt to invoke the appraisal process is an attempt to convert a putative class claim into a class arbitration without a class arbitration waiver. The right to appraisal expressed in the insurance does not constitute a valid arbitration agreement and therefore cannot act as a class arbitration waiver. Defendants' attempt to "appraise" Plaintiff's claim after he filed a putative class action converts the class action into a class arbitration.

**Issue 3:** **"To the extent Allstate claims Watts has failed to plead fraud with specificity, whether an FAC would be appropriate."**

Plaintiff's First Amended Complaint would cure any failure to plead fraud with specificity the Court may find in Plaintiff's original Complaint. It is Plaintiff's position that the complaint pleads fraud with the requisite specificity. However, Plaintiff will amend his complaint with additional specific allegations of fraud including, but not limited to, the following:

Plaintiff is informed and believes that at all times during the class period, Allstate represented to Plaintiff and Class Members that it would pay for direct and accidental loss to their

insured vehicles resulting from a collision. Allstate further represented that they would return insured vehicles to their pre-accident safe condition.

Plaintiff further alleges that at the time Allstate represented to Plaintiff and Class Members that it would pay for direct and accidental loss to their vehicles, Allstate was aware that seatbelts worn during a collision must be replaced because their effectiveness is reduced in a subsequent collision and cause a significant threat to the safety of the vehicle's passengers.

Plaintiff further alleges that despite Allstate's knowledge about the ineffectiveness of post-collision seatbelts, Allstate implemented and exercised a corporate-wide policy to decline to replace or inspect seat belts that have been worn during a collision.

Plaintiff further alleges that Plaintiff and Class Members relied upon said representations in purchasing and renewing Allstate insurance policies.

**Issue 4:** "To the extent Allstate claims Watts has failed to plead unfair competition, under section 17200 of the California Business and Professions Code, whether an FAC would be appropriate."

"In order to state a cause of action under the fraud prong of the UCL a plaintiff need not show that he or others were actually deceived or confused by the conduct or business practice in question. 'The "fraud" prong of [the UCL] is unlike common law fraud or deception. A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived.'" *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167, (2000). "California Business & Professions Code section 17200 defines unfair competition to mean and include 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law (§ 17500 et seq.) ].'" *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1092-1093, (2007).

It is Plaintiff's position that the complaint sufficiently pleads facts sufficient to state a claim for violation of California Business & Professions Code § 17200. However, Plaintiff is willing to amend his complaint to allege further facts supporting his claim of California Business

-4-

and Professions Code § 17200. These facts include, but are not limited to, the following:

Allstate fraudulently misrepresented their intent to perform their contractual obligation to restore policyholders' vehicles to their pre-loss, pre-accident safe condition to sell and renew insurance policies and realize a financial gain.

Allstate engaged in false advertising by using their slogan "You're in good hands with Allstate" throughout their materials despite their uniformed policy to threaten the safety of their policyholders by refusing to inspect and/or replace seatbelts that were worn during a collision.

**Issue 5:** "To the extent Allstate claims Watts has failed to plead certain specific information related to a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, whether an FAC would be appropriate."

In addition to the facts previously plead which allege Defendant had violated the RICO statutes by using their considerable leverage to prevent third-party auto repair shops from inspecting and replacing seatbelts, Plaintiff will amend the complaint to allege that Allstate violated the RICO statues by adopting a corporate-wide policy to decline to inspect or replace their insureds' seatbelts in their corporate office in Illinois. This policy constitutes fraud and breach of contract. This corporate-wide policy is then passed along state lines through every Allstate office in the United State and every Allstate-owned auto repair shop. Every time Allstate ensures prospective policyholders that if they are involved in a collision Allstate will return their vehicle to its pre-loss, pre-accident safe condition, Allstate is engaging in fraud.

**Issue 6:** "To the extent Allstate claims certain defendants should be dismissed as uninvolved in this matter, whether an FAC or a stipulation would be appropriate."

All claims in the complaint are made against all three Defendants due to their intertwined relationship. Without appropriate discovery it is impossible to ascertain which of the three companies are responsible for each aspect of Allstate's insurance policies, underwriting, claims processing, and final claims denials. After conducting sufficient discovery, Plaintiff is happy to readdress the issue and dismiss those defendants who are not involved in the underwriting, claims

processing, and final claims denials of Allstate's auto insurance policies. However, it is too early to address this issue at the pleading stage when absolutely no discovery has been conducted.

DATED: July 11, 2008

YORK LAW CORPORATION

By: /s/
WENDY C. YORK
JENNIFER B. EULER
Attorneys for Plaintiff and the Class

COURT: United States District Court for the Northern District of California
CASE NO. C 08-01236 SBA
CASE NAME: Robert Watts v. Allstate Indemnity Company, et al.

## PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 1111 Exposition Boulevard, Building 500, Sacramento CA 95815. I am over the age of 18 years and not a party to the above-entitled action.

I am readily familiar with York Law Corporation's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (CCP Section 1013a(3) or Fed.R.Civ.P.5(a) and 4.1; USDC (E.D. CA) L.R. 5-135(a).)

On July 11, 2008, I caused the within, **PLAINTIFF'S RESPONSE TO COURT'S JUNE 17, 2008 ORDER REQUIRING THE PARTIES TO MEET AND CONFER,** to be served via

**XX     By E-Mail / Electronic Transmission--**
Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below: I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful:

Sonia Martin, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market St 26FL
San Francisco, CA, 94105-2708

Mark Hanover
Sonnenschein Nath & Rosenthal, LLP
7800 Sears Tower
233 South Wacker Dr.
Chicago, IL 60606-6404
(VIA U.S. MAIL)

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that this Declaration is executed on July 11, 2008 at Sacramento, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Kristine McFadden_ (signature)
Kristine McFadden