**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| ROBERT WATTS, on behalf of himself individually and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY CO., an Illinois corporation, *et al.*,<br><br>Defendants. | No.  C 08-1236 SBA<br><br>**ORDER**<br><br>[Docket No. 13] |

## INTRODUCTION

Before the Court is defendants' Motion to Dismiss or, Alternatively, Motion to Stay Pending Appraisal (the "Motion") [Docket No. 13].  As discussed below, the events giving rise to this matter occurred in the Eastern District of California.  Thus, rather than dispose of the Motion, the Court transfers this matter to that district sua sponte, under 28 U.S.C. § 1404(a), for the convenience of the parties and the witnesses, and in the interest of justice.

## BACKGROUND

On February 29, 2008, plaintiff filed a Complaint in this matter alleging breach of contract, bad faith, breach of the covenant of good faith and fair dealing, fraud and misrepresentation, unfair competition under section 17200 *et seq.* of the California Code of Business and Professions, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. §§ 1961 *et seq.*  *See* Docket No. 1 at 1, 17-24.  Plaintiff alleges defendants refused to pay for the inspection or replacement of his seat belts or pretensioners after his vehicle was involved in a collision.  *See id.* ¶¶ 37-46.  Plaintiff seeks to proceed by class action.  *See id.* at 1.

In his Complaint, plaintiff alleges venue is proper in the Northern District because defendants do business in it.  *Id.* ¶ 7.  He further alleges a "substantial portion of the transactions and wrongs that are the subject of this Complaint . . . occurred in substantial part in the Northern District of

///

California." *Id.* And, he alleges the "obligations and liability referenced in this Complaint arose in the Northern District of California and elsewhere in the country." *Id.* ¶ 8.

On April 30, 2008, defendants filed their Motion to dismiss. *See* Docket No. 13 at 1. On June 17, 2008, the Court issued an Order denying the Motion, because defendants failed to meet and confer with plaintiff, as required by the Court's Standing Order for Civil Cases. *See* Docket No. 26 (the "Order").

In addition, the Court had noted the filed pleadings showed that during the time giving rise to this matter, plaintiff resided in Sacramento, California, and his insurance agent (also defendants' agent) was located in Sacramento, California. *See* Mot., Ex. "A" at 1. The Court further noted plaintiff's counsel is located in Sacramento, California. *See* Compl. at 1. Thus, in an effort to clarify whether or not this matter was properly venued in the Northern District, in the Order, the Court ordered plaintiff to provide a declaration within ten days identifying the locations of his collision, his vehicle's service, and defendants' "failure to inspect and repair seat belts pretensioners." Order at 2:11-14.

On June 27, 2008, plaintiff filed a Declaration of Jennifer B. Euler in Support of Venue in the Northern District (the "Declaration") [Docket No. 29]. In it, his counsel merely restates paragraphs from the Complaint, which indicate, without any specifics, that defendants do business in the Northern District. *See* Decl. Plaintiff's counsel makes no attempt, however, to answer the three specific questions the Court put forth in the Order. *See id.* Accordingly, on July 2, 2008, the Court ordered plaintiff to provide a declaration within five days providing answers to the Court's three questions. *See* Docket No. 32.

On July 3, 2008, plaintiff re-filed his June 27, 2008 declaration, apparently in error. *See* Docket No. 33. This same day, he also filed a Second Declaration of Jennifer B. Euler in Support of Venue in the Northern District. *See* Docket No. 34. According to this declaration, on March 29, 2006, plaintiff's vehicle was involved in a collision in Sacramento, California. *Id.* ¶ 3. Afterwards, his vehicle was repaired at a body shop in Rancho Cordova, just east of Sacramento. *Id.* ¶ 3. Then, on October 11, 2007, an Allstate claims adjuster in Sacramento denied plaintiff's request to replace

1  his seat belt tensioners. *Id.* ¶¶ 5-6.

2  On July 14, 2008, as it was clear the events giving rise to this matter had occurred in
3  Sacramento, the Court gave the parties seven days to file briefs as to why the Court should or should
4  not transfer this matter to the Eastern District of California, under 28 U.S.C. § 1404(a). *See* Docket
5  No. 38. at 3. Alternatively, the Court gave plaintiff the option of withdrawing his matter and re-
6  filing it in the Eastern District. *Id.* Plaintiff did not file a response. Defendants filed a statement
7  indicating they neither support nor oppose venue in the Northern District of California. *See* Docket
8  No. 41.

## LEGAL STANDARD

10  Section 1404(a) of Title 28 states, "For the convenience of parties and witnesses, in the
11  interest of justice, a district court may transfer any civil action to any other district or division where
12  it might have been brought." Further a district court may effect such a transfer, sua sponte.
13  *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965-66 (9th Cir. 1993); *Costlow v. Weeks*, 790
14  F.2d 1486 (9th Cir. 1986) (suggesting in dicta parties be allowed to present their views on the issue
15  prior to transfer). When a court is faced with a motion to dismiss under Federal Rule of Civil
16  Procedure 12(b)(6) and a venue question, the court should generally first determine whether a matter
17  is subject to transfer to another venue, rather than dismiss it outright on the merits. *Cameron v.*
18  *Thornburgh*, 983 F.2d 253, 257 n.5 (D.C. Cir. 1993) (Exception exists where claims are patently
19  frivolous and transfer would thus not be "in the interest of justice.")

20  The determination whether to transfer an action proceeds in two-steps. First, a court must
21  determine whether the action "might have been brought" in the potential transferee court. *See*
22  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th
23  Cir. 1985).

24  If so, then a court makes an "individualized, case-by-case determination of convenience and
25  fairness," weighing (1) the convenience of the parties; (2) the convenience of the witnesses; and
26  (3) the interest of justice. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000)
27  (citation omitted) ("*GNC*"). In weighing these factors, the court may take into account: "(1) the
28  location where the relevant agreements were negotiated and executed, (2) the state that is most

3

familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *GNC*, 211 F.3d at 498-99.

## I. This action could have been brought in the Eastern District of California.

According to the Supreme Court, an action "could have been brought" in a proposed transferee district, if that district would have had subject matter jurisdiction, the defendants would have been subject to personal jurisdiction, and venue would have been proper. *Hoffman*, 363 U.S. at 343-44. Here, to the extent the Northern District has subject matter jurisdiction over this matter, so too does the Eastern District. Likewise, with regards to personal jurisdiction, defendants' agents, who are plaintiff's insurance agent and the adjuster who declined to inspect plaintiff's vehicle's seatbelts and pretensioners, are located in Sacramento. Lastly, venue would have been proper in the Eastern District, under 28 U.S.C. § 1391(b)(2),[1] because plaintiff resides there, his collision occurred there, he serviced his vehicle there, and that was where defendants' refused to inspect his vehicle's seatbelts and pretensioners. As such, "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Eastern District. 28 U.S.C. § 1391(b)(2). Thus, plaintiff could have brought this action in the Eastern District.

///

///

///

---

[1] This subdivision states:
   A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
28 U.S.C. § 1391(b).

4

///

**II. The *GNC* factors favor transfer to the Eastern District.**

    **A. The convenience of the parties favors transfer to the Eastern District.**

        **1. Plaintiffs**

In the usual case, unless the balance of the section 1404(a) factors weigh heavily in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed. *See Decker Coal Co. v. Commw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Secs. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). However, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (same).

Here, plaintiff resides in Sacramento, and his insurance agent does business there. Further, his collision, his vehicle's service, and defendant's refusal to inspect his vehicle's seatbelts and pretensioners, all occurred in Sacramento or a nearby suburb. Thus, "the operative facts have not occurred within the forum of original selection." Further, as discussed below, this district does not have a "particular interest in the parties or the subject matter." Thus, plaintiff's convenience does not favor keeping this matter in the Northern District, but strongly supports transferring it to the Eastern District, which encompasses Sacramento.

        **2. Defendants**

It is commonly known that defendants do business throughout the United States.[2] Nonetheless, defendants' insurance agent who serviced plaintiff's account does business in Sacramento, and defendants' adjuster refused to inspect plaintiff's vehicle's seatbelts and

---

[2] In fact, a class action on facts similar to this one was brought against defendants in the Western District of Louisiana, in *Herbert v. Allstate Insurance Co.*, No. 06-1535 RFD MEM. *See* Docket No. 1 in case no. 06-1535. In January 2007, this matter was stayed and administratively closed, pending the Fifth Circuit's decision in *Sonnier v. State Farm Mutual Auto Insurance Co.*, 509 F.3d 673, 674 (5th Cir. 2007), another Louisiana class action arising from facts similar to those here. *See* Docket No. 31 in case no. 06-1535. In December 2007, the Fifth Circuit affirmed dismissal of plaintiff's breach of contract claim, *Sonnier*, 509 F.3d at 673-74, and *Herbert* has remained administratively closed. *See* Docket entry dated Jan. 10, 2007 in case no. 06-1535.

///

pretensioners in Sacramento. Thus, the convenience of defendants supports transferring this matter to the Eastern District, which encompasses Sacramento.

### 3. The Putative Class

Plaintiff seeks to proceed on behalf of any person insured by defendants since 1998 through the filing of this action, involved in a collision in which their vehicle's automatic seat belt tensioners activated, after which defendants declined to underwrite inspection or replacement. Compl. ¶ 48. Plaintiff believes this putative class numbers over one million members, residing throughout the United States. *See id.* ¶¶ 7, 49. Currently, however, the only events giving rise to this matter involve plaintiff and occurred in the Sacramento area, the putative class only has a *possible future* existence, and the *potential* members of this putative class apparently reside in many if not most or all federal districts. Thus, there is no inconvenience whatsoever to any potential members in transferring this matter to the Eastern District of California.

### B. The convenience of the witnesses favors transfer to the Eastern District.

Plaintiff resides in Sacramento, had his collision in Sacramento, and had his vehicle serviced in Rancho Cordova. Also, defendants' agents, including the one who services plaintiff's policy and the adjuster who refused to inspect his vehicle's seatbelts and pretensioners, are found in Sacramento. Thus, percipient witnesses to the events giving rise to this matter will most likely be found in the Sacramento area. This is an important factor, under *GNC*, where defendants have moved to appraise the damage done, if any, to plaintiff's vehicle's seat belts and pretensioners. This is because, were the Motion granted, defendants would need access to the collision witnesses and to the persons who serviced plaintiff's vehicle and their records. Thus, it would be most convenient for the witnesses in this matter if the Court were to transfer it to the Eastern District which encompasses Sacramento.

### C. The interest of justice favors transfer to the Eastern District.

All of plaintiff's damage allegedly occurred in Sacramento. His policy was apparently obtained via his insurance agent in Sacramento, and allegedly breached by defendants' adjuster in Sacramento. Thus, the Eastern District has a far greater interest in the disposition of plaintiff's

6

///

claims, and far stronger connection to them, than the Northern District could ever have. As such, the interest of justice greatly favors the Court transferring this matter to the Eastern District.

**III.    Defendants' Motion**

Before the Court could dispose of the Motion, it had to determine whether or not the matter was properly venued in the Northern District of California. *Cameron*, 983 F.2d at 257 n.5. Having determined the proper course of action at this time is for the Court to transfer this matter to the Eastern District of California, this Court is no longer the proper venue for any motions regarding this matter. Thus, defendants should notice the Motion for a hearing, after this matter is transferred to the Eastern District of California.

**CONCLUSION**

Accordingly, for the convenience of the parties and witnesses, and in the interest of justice, the Court TRANSFERS this matter sua sponte, under 28 U.S.C. § 1404(a), to the Eastern District of California. The Clerk of Court is directed to TRANSFER the file to that district, and VACATE any hearings or other events pending for this matter in this Court.

IT IS SO ORDERED.

July 23, 2008                                        _____
                                                              Saundra Brown Armstrong
                                                              United States District Judge

7